IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEST COAST DISTRIBUTING, INC., a Delaware corporation,<br>          Plaintiff,<br><br>-vs-<br><br>ANDY'S EXPRESS COMPANY, INC., an Illinois corporation,<br>          Defendant. | )<br>)<br>)<br>)<br>)   CASE NO.: 08cv1336<br>)   JUDGE KENNELLY<br>)<br>)<br>) |

## MOTION FOR SANCTIONS

West Coast Distributing, Inc. ("West Coast") states as follows for its Motion for Sanctions against Andy's Express Company, Inc. ("Andy's"):

1. This is an action which West Coast has brought in this District to collect a judgment from a California District Court against Andy's, an Illinois corporation with its registered office in Skokie.

2. On May 29, 2008, a representative of Andy's told this Court during a hearing on a Rule to Show Cause against Andy's that Andy's neither responded to West Coast's Citation to Discover Assets nor showed up in Court on April 10, 2008 because Andy's was unaware of the Citation and the requirement for Andy's to show up on that date.

3. Per the Affidavit of Counsel attached as Attachment A, West Coast served the office of Andy's Illinois registered agent with both the Citation and the Notice of the April 10, 2008 hearing on April 2, 2008, eight days prior to the April 10 return date on the Citation.

- 1 -

4.     Additionally, per Attachment A, Andy's California attorney sent a FAX letter to Chicago counsel for West Coast on the day before the Citation hearing, confirming his knowledge of the April 10, 2008 Citation hearing and asking Chicago counsel to advise this Court of the pendency of Andy's Rule 60(b) Motion.  How could counsel know of the hearing and the party itself claim no knowledge?  The registered agent's knowledge and counsel's knowledge are certainly chargeable to Andy's.

5.     Given the April 2, 2008 service of the Citation Notice of the April 10 hearing on Andy's Illinois registered agent and the established knowledge of the hearing as expressed by Andy's California attorney as of April 9, West Coast submits that there was no basis for Andy's representation that Andy's lacked knowledge of the Citation on May 29, 2008.  The attached Affidavit of Counsel establishes that Andy's had chargeable knowledge of the April 10 hearing before the April 10 hearing.

6.     While Andy's has filed a Rule 60(b) motion to vacate the judgment in issue in the Central District of California, West Coast submits that, per Rule 60(c)(2), such a motion "does not affect the judgment's finality or supersede its operation."  Andy's Rule 60(b) motion therefore constitutes no excuse for its failure to respond to the Citation on April 10 or thereafter.

7.     Accordingly, West Coast seeks sanctions for attorney time spent at the April 10 citation hearing and the attorneys' fees and costs spent in following up on Rule to Show Cause issues after Andy's failure to show up on April 10, 2008 for a citation about which its attorney had actual knowledge.  Given the

contents of Attachment A, West Coast seeks sanctions of Four Thousand Seventy Dollars and Zero Cents ($4,070), the attorney fees and costs related to Andy's failure to attend the Citation hearing on April 10 and follow-up attorneys' fees.

**WHEREFORE**, West Coast Distributing, Inc. prays for a sanctions award of Four Thousand Seventy Dollars and Zero Cents ($4,070) plus such further sanction amounts and relief as are just and equitable.

Respectfully submitted,

**WEST COAST DISTRIBUTING, INC.**

By: /s/ William D. Brejcha
William D. Brejcha,
One of Its Attorneys

Of Counsel:

William D. Brejcha (0288543)
Scopelitis, Garvin, Light, Hanson & Feary
30 West Monroe Street – Suite 600
Chicago, IL 60603
312-255-7200
wdbrejcha@scopelitis.com
www.scopelitis.com